ORIGINAL

1  PAMELA L. COX (State Bar No. 191883)
   **HEMAR, ROUSSO & HEALD, LLP**
2  15910 Ventura Boulevard, 12th Floor
   Encino, California 91436
3  (818) 501-3800; (818) 501-2985 (Fax)
   e-mail: pcox@hemar-rousso.com
4  Refer to File Number: 3968-20080200-

FILED

2008 APR -3 P 1:08

5  Attorneys for Defendant
   FIRST FEDERAL BANK OF CALIFORNIA
6

7

E-FILING

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

10

11  DEBORAH E. JOHNSON and GERALD    )   **C08  01796**   **RS**
    D. JOHNSON,                       )
12                                    )   NOTICE OF REMOVAL
                                      )
13              Plaintiffs,           )
                                      )
14                                    )
                                      )
15  vs.                               )
                                      )
16  FIRST FEDERAL BANK OF             )
    CALIFORNIA,                       )
17                                    )
                                      )
18              Defendant.            )
                                      )
19  _____ )

20       TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL

21  INTERESTED PARTIES HEREIN:

22       PLEASE TAKE NOTICE that FIRST FEDERAL BANK OF CALIFORNIA

23  (hereinafter "First Federal Bank"), Defendant in the above-referenced proceeding, hereby

24  removes to this Court the state court action described below.

25  1.      On March 19, 2008, an action was commenced in the Superior Court of the State

26  of California, in the County of Monterey, Monterey Division, entitled DEBORAH E.

27  JOHNSON and GERALD D. JOHNSON, Plaintiffs, vs. FIRST FEDERAL BANK OF

28

                          NOTICE OF REMOVAL
                                 1

1    CALIFORNIA, Defendant, as Case Number M89900 (the "State Court Action").

2    Attached hereto as Exhibit "1" and incorporated herein by reference is a true and correct

3    copy of all pleadings filed in the State Court Action.

4    2.    First Federal Bank was served with a copy of the complaint on March 27, 2008 by

5    personal service.  A true and correct copy of the Summons with the service date is

6    included in Exhibit "1" attached hereto and incorporated herein by reference.  Thirty days

7    have not yet expired since service of the Complaint upon First Federal Bank.

8    3.    Plaintiffs DEBORAH E. JOHNSON and GERALD D. JOHNSON are Plaintiffs in

9    another case against First Federal Bank, pending as Case Number C08 00264 PVT with

10    the United States District Court, Northern District of California (the "Pending Federal

11    Action"), in which the amended complaint is virtually identical, and contains the same

12    allegations as those set forth in the State Court Action.  (A Notice of Related Case will be

13    filed with the United States District Court).

14    4.    The State Court Action is a civil action over which the United States District

15    Court, Northern District, San Jose Division has original jurisdiction under 28 U.S.C.

16    §1331 pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the Truth in

17    Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA")

18    found at 15 U.S.C. 1602, *et seq.*  Accordingly, First Federal Bank may remove the State

19    Court Action to this Court pursuant to 28 U.S.C. §1452.

20    5.    In the State Court Action, as well as in the Pending Federal Action, Plaintiffs

21    allege that First Federal Bank engaged in predatory lending practices under the TILA and

22    HOEPA by failing to provide the requisite disclosures, failing to provide Plaintiff Gerald

23    Johnson with the right to rescind the loan at issue, and foreclosing upon a security

24    instrument that was obtained by fraud.  (First Federal Bank asserts that these contentions

25    are without merit).  Plaintiffs initially brought their claim against First Federal Bank in the

26    United States District Court, and on April 1, 2008, amended their complaint in the

27    Pending Federal Action.  This amended complaint word for word contains essentially the

28

---

NOTICE OF REMOVAL

2

1   same allegations as those contained in the State Court Action. Thus, as there is already an

2   action pending between the same parties, with the same claims and same transaction at

3   issue, the State Court Action belongs in federal court.

4   6.      Plaintiffs have not named any other Defendants, so Joinder in this Notice of

5   Removal is not applicable in this matter.

6

7   DATED: April 2, 2008                    HEMAR, ROUSSO & HEALD, LLP

8
                                            By:_____
9                                                PAMELA L. COX
                                                 Attorneys for Defendant
10                                               FIRST FEDERAL BANK OF
                                                 CALIFORNIA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

APR-01-2008 TUE 08:09 AM                                                        P. 001

SUMMONS         SMS # 495120            SUM-100
(CITACION JUDICIAL)

NOTICE TO DEFENDANT:                                    FOR COURT USE ONLY
(AVISO AL DEMANDADO):                               (SOLO PARA USO DE LA CORTE)

FIRST FEDERAL BANK OF CALIFORNIA

                                                    FILED

                                                    MAR 1 9 2008

YOU ARE BEING SUED BY PLAINTIFF:                    CONNIE MAZZEI
(LO ESTÁ DEMANDANDO EL DEMANDANTE):                 CLERK OF THE SUPERIOR COURT
                                                                         DEPUTY
GERALD D. JOHNSON AND                               LISA DALIA
DEBORAH E. JOHNSON

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is: SUPERIOR COURT OF | CASE NUMBER: |
| (El nombre y dirección de la corte es): CALIFORNIA, MONTEREY COUNTY | (Número del Caso): M89900 |

1200 AGUAJITO RD.
MONTEREY, CA. 93940, MONTEREY DIVISION
The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
GERALD D. JOHNSON, P.O. BOX 4448 CARMEL, CA. 93921
831-622-0132  DEBORAH E. JOHNSON

| DATE: 3-19-2008 | CONNIE MAZZEI | Clerk, by | | , Deputy |
| (Fecha) | | (Secretario) LISA DALIA | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
(SEAL)
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): 3/27/08

                                                                    Page 1 of 1

Form Adopted for Mandatory Use                                      Code of Civil Procedure §§ 412.20, 465
Judicial Council of California           SUMMONS                    American LegalNet, Inc. | www.USCourtForms.com
SUM-100 [Rev. January 1, 2004]



| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| Johnson, Deborah E. et al,<br>Plaintiff/Petitioner<br><br>vs.<br><br>First Federal Bank et al,<br>Defendant/Respondent | **FILED**<br>MAR 1 9 2008<br>CONNIE MAZZEI<br>CLERK OF THE SUPERIOR COURT<br>LISA DALIA     DEPUTY |
| CASE MANAGEMENT NOTICE | Case No. M89900 |

**Case Management Conference Date: September 11, 2008 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than:  30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

   a. refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
   b. identify the case as one which may be protracted and in need of special attention;
   c. assign the case to a particular judge for all purposes;
   d. assign a mandatory settlement conference and trial date;
   e. make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
   f. make appropriate Trial Management Orders; and/or
   g. make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint.  It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

Date: March 19, 2008                    By: _____ LISA DALIA _____
                                                          Deputy Clerk

Page 1 of 5

# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:
- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

**Mediation**

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.



**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):

TELEPHONE NO.:                  FAX NO. (Optional)
EMAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY
MAILING ADDRESS: 1200 Aguajito Road
CITY AND ZIP CODE: Monterey, CA 93940

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:        Dept.:        Div.:     Room:

---

► IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.

► PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

---

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check one]:

   ❑ Court-Directed mediation          ❑ Private mediation
   ❑ Nonbinding judicial arbitration   ❑ Private arbitration          THE
   ❑ Other:

   PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM. Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8.  Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court or clerk judgment in timely manner. Further Case Management Conference is requested.

9.  All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:

_____

_____

_____

_____

_____, Further Case Management Conference is requested.


Counsel for Plaintiff (*print name*)               Counsel for Defendant (*print name*)

Signature                                          Signature


Counsel for Plaintiff (*print name*)               Counsel for Defendant (*print name*)

Signature                                          Signature

*For additional parties, attach additional signature pages as needed.*

---

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for

_____ is vacated.

❑ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

❑ Receipt of Dismissal is set for _____.

❑ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____          _____
                                         *Judge of the Superior Court*

---

1    Deborah E. Johnson
     P.O.Box 4448
2    Carmel, California 93921-4448
     Telephone: 831-622-0132
3
     Gerald D. Johnson (Pro Se, filing party)
4    P.O.Box 4448
     Carmel, California 93921-4448
5    Telephone: 831-622-0132
     E-mail: aprgdj@cs.com
6
     Plaintiffs
7



FILED

MAR 1 9 2008

CONNIE MAZZEI
CLERK OF THE SUPERIOR COURT
—LISA DALIA—DEPUTY

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF MONTEREY, MONTEREY DIVISION

10
     DEBORAH E. JOHNSON & GERALD D.          Case No. __M8 9 9 0 0__
11   JOHNSON
                     Plaintiffs,             COMPLAINT FOR FRAUD
12                                           AND TO SET ASIDE FRAUDULENT
     vs.                                     TRANSFER FOR RELIEF & DAMAGES
13
     FIRST FEDERAL BANK OF CALIFORNIA
14
                     Defendant
15  _____

16   1.    Jurisdiction. This Court has jurisdiction because the subject property, 2nd Avenue 2NE

17   of Dolores Street, in the City of Carmel, which is located in the County of Monterey.

18   2.    Venue. This Court is appropriate because the Unlawful Detainer Action is currently in

19   Civil Court of Monterey County.

20   3.    This is a counter suit, to the Unlawful Detainer Action, is based on facts contained in

21   this Complaint that the security instrument used to transfer this property was obtained by mortgage

22   and bank fraud.

23   4.    Plaintiffs, Deborah E. Johnson and Gerald D. Johnson, will prove with documents

24   produced by Defendant, First Federal Bank of California, and other entities working for or under

1    the direct supervision of the Defendant, wilfully and with intent to deceive, omitted, misrepresented

2    and made material misstatements to commit mortgage and bank fraud.  There are violations of the

3    Truth In Lending Act inregards to material disclosures and right to rescind for Plaintiff, Gerald D.

4    Johnson.  Defendant in directing other entities to create an enterprise, while commiting 3 related

5    acts of fraud and using the mail and wire networks in commiting those acts, Defendant actions

6    come under the RICO Act for organized fraud.  Defendant has violated Federal and State

7    "Rescission Laws", Common Law as it relates to contracts.

8

9                                   **STATEMENT OF FACTS**

10    **1.**      Defendant qualified Plaintiffs for the loan on their primary residence located at 2nd

11    Avenue 2NE of Dolores Street in Carmel, California, based on the income of Plaintiff, Gerald D.

12    Johnson, which was $155,000.00 for year 2005.  Exhibit "A" is the escrow documents from Old

13    Republic Title addressed to Plaintiff, Gerald D. Johnson, prepared on May 5, 2005 with

14    instructions to remove Gerald D. Johnson from title of their primary residence.  Exhibit "B" is the

15    "Borrower/Escrow Instructions" from Old Republic Title of which page 4 of 5 list the conditions

16    to be met prior to funding, one item notes "the level of debt too high (cards are maxed out)" and

17    the other item, "Certified Copy of Quit Claim Deed", as noted at the top of page 4 of 5, these

18    are conditions from Defendant to Plaintiffs and must be met prior to funding.  These conditions

19    and the removal of Plaintiff, Gerald D. Johnson, from title were first presented to Plaintiffs at

20    signing on May 5, 2005.  Exhibit "C" is the list of credit accounts under Plaintiff, Gerald D.

21    Johnson, 9 months prior to the May 5, 2005 closing date with Defendant.  Plaintiff, Gerald D.

22    Johnson's, unsecured debts listed in Exhibit "C" were removed from the loan application, while

23    his income was included on the application.

24    **2.**      Exhibit "D" is the Old Republic Title Company's preliminary title report for the Plaintiffs

1   primary residence, which clearly shows Plaintiff, Gerald D. Johnson, on title as joint tenant, this

2   document was used as part of the closing documents on May 5, 2005. Exhibit "E" is the loan

3   application used as part of the closing documents, this was produced by the agent working on

4   behalf of the Defendant. On page 1 of 5, Plaintiff, Gerald D. Johnson, is named in the section

5   titled "Title Will Be Held In What Names". Exhibit "F" is the previous mortgage note and

6   statement from Novastar Home Mortgage that was faxed to the agent working on behalf of the

7   Defendant at the request of the Defendant. The Plaintiff, Gerald D. Johnson, is clearly indicated

8   on both documents. These documents, all produced by others, provides clear evidence of

9   Plaintiff, Gerald D. Johnson's ownership interest and his right to all material disclosures and right

10  to rescind any security instrument placed on the property.

11  3.      Exhibit "G" is the fax communications between Plaintiff and Defendant in regards to the

12  rescission of the loan on May 5, 2005 after Plaintiff, Gerald D. Johnson, was removed from the

13  loan documents at signing. Plaintiffs were called by Defendant and convinced that the removal of

14  Plaintiff, Gerald D. Johnson, was necessary to receive a favorable loan with his credit score and

15  is a common business practice. The rescission, as noted in the fax communication cover sheet,

16  from Plaintiff to an employee working for Defendant, was not signed in error and represented

17  only one party to the transaction, Plaintiff, Deborah E. Johnson. Plaintiff, Gerald D. Johnson,

18  was never provided with or signed material disclosures and was not presented with 2 forms for

19  his right to rescind the loan.

20  4.      Plaintiffs were made aware of the transfer on March 4, 2008 at the federal hearing in

21  San Jose U.S. Federal Court in regards to a civil suit related to this action.

22  5.      Proper notice of the foreclosure sale was not given to all parties with an ownership interest

23  and no notice was given prior to the February 2008 transfer.

24  6.      Plaintiffs were served with the "Notice To Quit" on March 14, 2008.

7.      Exhibit "H" & "I" are full appraisals on Plaintiffs property completed in May 2007, with appraised values of $1,350,000 and $1,400,000.

## LEGAL ARGUMENT

A.      California contract law states;

Fraud is the intentional misrepresentation of an important issue of the contract. The presence of fraud in a contractual proceeding makes the contract voidable by the party upon whom the fraud was perpetrated.

The Mortgage Bankers Association's definitions of mortgage fraud are;

(1)      "Material misstatement, misrepresentation or omission relating to the property or potential mortgage relied on by an underwriter or lender to fund."

(2)      "The intentional enticement of a financial entity to make, buy or insure a mortgage loan when it would not otherwise have done so, had it possessed correct information".

The Defendant has willfully and knowingly given false and fraudulent information, while working with and directing others. Defendant's actions resulted in many violations which fall under the above definitions for mortgage fraud. The Defendant commenced the second and most serious offense or violation with the fraudulant transfer that occured in February 2008. The Plaintiffs discovered the fraud in January 2008 after filing the complaint that is currently pending in Federal Court, case number C08-00264 PVT, which was filed on January 14, 2008, prior to the fraudulant transfer. The additional violations fall under 18 USC 1962, 18 USC 1344, 18 USC 1341, 18 USC 1343, 18 USC 1957, Ca.Civ.Code 1596, 1598 and others.

B.      " Consumer's right to rescind...In a credit transaction in which a security is or will be retained or acquired in a consumer's principal dwelling, each consumer whose

1   ownership interest is or will be subject to the security interest shall have the right to

2   rescind the transaction."(12 CFR 226.23)

3   Plaintiff, Gerald D. Johnson, was on title at the time of signing on May 5, 2005.  Exhibit "A"

4   clearly notes the time of signing and recording which was May 16, 2005.  These violations are

5   covered under 12 CFR 226.23 and section 125 of TILA.  The preliminary title report in Exhibit

6   "D" and the loan application in Exhibit "E" both are clear that Plaintiff, Gerald D. Johnson, should

7   have been provided all material disclosures and the right to rescind the loan.  The foreclosure

8   process stopped the tolling of the 3 year right to rescind.  Defendant has attempted to extinguish

9   Plaintiff, Gerald D. Johnson's rescission rights with this fraudulant transfer, which was excuted

10  with a security instrument created by fraud.

11  C.       California Civil Code Section 1688. A contract is extinguished by its rescission.

12  On May 5, 2005, Plaintiff, Gerald D. Johnson, signed the "Right to Cancel" as Plaintiff, Deborah E.

13  Johnson's, "attorney in fact", Exhibit "G" is the entire written communications as it pertains to the

14  rescission between Defendant and Plaintiff.  Defendant wanted Plaintiff, Gerald D. Johnson, to state

15  that the rescission was signed in error, Plaintiff's final note faxed to Defendant, states "Right to Cancel

16  was not signed in error, it was rescinded."

17  California Civil Code Section 1689(b)(5). A party to a contract may rescind the contract

18  ....If the contract is unlawful for causes which do not appear in its terms or conditions,

19  and the parties are not equally at fault.

20  D.       The foreclosure notice and sale did not include all consumers with an ownership interest

21  in the property.

22                                          **CONCLUSION**

23         Based on the foregoing Statement Of Facts and Legal Argument, Plaintiffs plea to this

24  Court is that you set aside the fraudulant transfer that is based on mortgage and bank fraud.

APR-01-2008 TUE 08:12 AM

P. 012

1    Plaintiffs ask this Court to restore the right to rescission based on the fraud that was uncovered

2    and the TILA disclosure rights denied Plaintiff Gerald D. Johnson.

3         Plaintiffs are proceeding "pro se" in this matter and in the current federal case and in the

4    bankruptcy court filing that proceeded each, due to the financial damage caused by these actions.

5         Plaintiffs seek relief in the form of punitive damages, returned to the status quo in regards

6    to Plaintiffs' primary residence and any further relief which this Court deems appropriate for the

7    damages suffered by the actions of Defendant.

8

     We declare under penalty of perjury that the foregoing statement of facts and documents are

9

     true and correct.

10

11

12   Dated: March 18, 2008

     Deborah E. Johnson, Plaintiff

13

14

     Gerald D. Johnson, Plaintiff (pro se)

15

16

17

18

19

20

21

22

23

24

1                                    PROOF OF SERVICE

2    STATE OF CALIFORNIA          )
                                   )
3    COUNTY OF LOS ANGELES        )

4           I am employed in the County of Los Angeles, State of California.  I am over the
     age of eighteen and not a party to the within action.  My business address is Hemar,
5    Rousso & Heald, LLP. ("the business") 15910 Ventura Boulevard, 12th Floor, Encino, CA
     91436.

6
            I am readily familiar with the business's practice for collection and processing of
7    correspondence for mailing with the United States Postal Service; such correspondence
     would be deposited with the United States Postal Service the same day of deposit in the
8    ordinary course of business.

9           On April 2, 2008, I served the foregoing document described as **NOTICE OF
     REMOVAL** on the interested parties in this action by placing a true and correct copy
10   thereof in a sealed envelope addressed as follows:

11   DEBORAH E. JOHNSON
     PO Box 4448
12   Carmel, CA 93921-4448

13   GERALD D. JOHNSON (Pro Se, Filing Party)
     PO Box 4448
14   Carmel, CA 93921-4448

15
     XX     At my business address, I placed such envelope for deposit with the__Federal
16   Express or XX    U.S. Postal Office  by placing them for collection and mailing on that
     date following ordinary business practices.

17
     ___    I delivered such envelope(s) by hand to the offices of the addressees.
18
     ___    I caused such copies to be facsimiled to the persons set forth.
19
     ___    (State)  I declare under penalty of perjury under the laws of the State of California
20          that the foregoing is true and correct.

21   XX     (Federal) I declare under penalty of perjury under the laws of the United States of
            America that I am employed in the office of a member of the bar of this court at
22          whose direction the service was made.

23
            Executed on April 2, 2008 at Encino, California.
24

25
                                               _____
26                                             LISA FIELDS

27

28
     _____
                                     **NOTICE OF REMOVAL**
                                             4

JS 44 (Rev. 12/07) (cand rev 1-16-08)

**CIVIL COVER SHEET**    ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

DEBORAH E. JOHNSON; GERALD D. JOHNSON

**(b)** County of Residence of First Listed Plaintiff MONTEREY
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

PRO SE

**DEFENDANTS**

FIRST FEDERAL BANK OF CALIFORNIA

County of Residence of First Listed Defendant N/A

Attorneys (If Known)

PAMELA L. COX
HEMAR, ROUSSO & HEALD, LLP
15910 VENTURA BLVD., 12TH FLOOR
ENCINO, CA 91436 (818) 501-3800 (818) 501-2985 (fax)

C08 01796

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

(nature of suit checklist)

371 Truth in Lending

**V. ORIGIN** (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TILA, HOEPA, RICO
Brief description of cause:
DAMAGES FOR PREDATORY LENDING VIOLATIONS

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ not specified   CHECK YES only if demanded in complaint: JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". C08 00264 PVT

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE APRIL 2, 2008   SIGNATURE OF ATTORNEY OF RECORD Pamela L Cox

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA                )
                                       )
3  COUNTY OF LOS ANGELES              )

4       I am employed in the County of Los Angeles, State of California.  I am over the age of
5  eighteen and not a party to the within action.  My business address is Hemar, Rousso & Heald,
   LLP. ("the business") 15910 Ventura Boulevard, 12ᵗʰ Floor, Encino, CA 91436.

6       I am readily familiar with the business's practice for collection and processing of
7  correspondence for mailing with the United States Postal Service; such correspondence would be
   deposited with the United States Postal Service the same day of deposit in the ordinary course of
8  business.

9       On April 2, 2008, I served the foregoing document described as **CIVIL COVER**
   **SHEET** on the interested parties in this action by placing a true and correct copy thereof in a
10 sealed envelope addressed as follows:

11 DEBORAH E. JOHNSON
   PO Box 4448
12 Carmel, CA 93921-4448

13 GERALD D. JOHNSON (Pro Se, Filing Party)
   PO Box 4448
14 Carmel, CA 93921-4448

15 XX    At my business address, I placed such envelope for deposit with the__Federal Express or
   XX__  U.S. Postal Office  by placing them for collection and mailing on that date following
16 ordinary business practices.

17 ____  I delivered such envelope(s) by hand to the offices of the addressees.

18 ____  I caused such copies to be facsimiled to the persons set forth.

19 ____  (State)  I declare under penalty of perjury under the laws of the State of California that the
          foregoing is true and correct.
20

21 XX_   (Federal)  I declare under penalty of perjury under the laws of the United States of
          America that I am employed in the office of a member of the bar of this court at whose
22        direction the service was made.

23      Executed on April 2, 2008 at Encino, California.

24

25

26

27                                        LISA FIELDS

28

_____
                            3
                     CIVIL COVER SHEET