UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH E. JOHNSON AND GERALD D. JOHNSON,<br><br>  Plaintiffs,<br><br>  v.<br><br>FIRST FEDERAL BANK OF CALIFORNIA,<br><br>  Defendant. | Case No.: C 08-01796 PVT<br><br>[and related case C 08-00264 PVT]<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL REMAND; ORDER TO SHOW CAUSE WHY THE CASES SHOULD NOT BE CONSOLIDATED**<br><br>**[Docket No. 4]** |

**INTRODUCTION AND BACKGROUND**

On January 15, 2008, plaintiffs Deborah E. Johnson and Gerald D. Johnson proceeding *pro se* filed a complaint in federal court alleging, *inter alia,* violations of the truth in lending act and various predatory lending practices. (collectively "plaintiffs"). The action is entitled *Deborah E. Johnson and Gerald D. Johnson v. First Federal Bank of California,* Case No. 08-264. ("underlying federal action"). Following two motions to dismiss which have been filed by defendant First Federal Bank of California, plaintiffs have been granted leave to amend only their fraud and RICO claims. ("Bank"). *See* Order dated July 8, 2008. ("July 8, 2008 Order"). The other claims have been dismissed with prejudice. Pursuant to the July 8, 2008 Order, plaintiffs' second amended complaint shall be filed no later than August 8, 2008. On March 19, 2008, defendant Bank filed an unlawful detainer action against plaintiffs in state court. ("unlawful detainer action"). In turn,

plaintiffs filed a new action against defendant Bank in the same state court where the unlawful detainer action was pending because they assert they were unable to file a cross-complaint in the unlawful detainer action. ("new action").  Nevertheless, plaintiffs have filed an answer in the unlawful detainer action which is still pending in state court.  Plaintiffs served defendant Bank with the summons and complaint in the new action on March 27, 2008.  On April 3, 2008, defendant Bank removed the new action (which had been filed by plaintiffs in response to the unlawful detainer action as a separate action as described above) to federal court.  The new action is entitled *Deborah E. Johnson and Gerald D. Johnson v. First Federal Bank of California*, Case No. 08-1796.  On April 11, 2008, the court related the two federal court actions.  *See* Civ. L.R. 3-12.

On April 8, 2008, plaintiffs moved for partial remand of the new action "to answer and counter defendant's unlawful detainer action filed in state court."  On April 14, 2008, defendant Bank filed its reply to the opposition.  Pursuant to Civ L.R. 7-1(b), oral argument is not required and plaintiffs' motion is deemed submitted.  This order follows.

**DISCUSSION**

Generally, an action may be remanded to state court on two grounds: (1) lack of subject matter jurisdiction; and (2) any defect in the removal procedure.  28 U.S.C. § 1447(c).  Lack of subject matter jurisdiction occurs if there is no diversity of citizenship among the parties or if the alleged claims do not arise under federal law.  Upon service of the summons and complaint, a 30 day period for removal commences.

Here, plaintiffs have alleged certain federal claims in the new action, which include violations of the truth in lending act.  As such, the new action does not lack subject matter jurisdiction since certain alleged claims arise under federal law.  Plaintiffs argue that they filed the new action to counter the unlawful detainer action which defendant Bank filed in state court.  "[A]n unlawful detainer action is a summary proceeding, the primary purpose of which is to obtain the possession of real property." *Union Oil Co. of California v. Joseph Chandler*, 4 Cal. App.3d 716, 721, 84 Cal. Rptr. 756 (1970).  "[S]ince the sole issue before the court is the right to possession, neither a counterclaim nor a cross-complaint, nor affirmative defenses, are admissible in an action in unlawful detainer." *Id.*  However, the general rule allows for two narrow exceptions.  The first

exception recognizes "where the tenant has voluntarily surrendered possession before the issues of fact are finally joined." *Id.* at 722.  As currently plead, plaintiffs still reside at the residence in dispute and therefore, this exception is not applicable.  Second, the court may consider equitable considerations in an unlawful detainer action.  *Id.*  Another state court has stated that "in an unlawful detainer action, the equitable powers of the court may not be extended 'into a full examination of all the equities involved, to the end that exact justice may be done.'" *Id.* (internal citations omitted).  Arguably, this more abstract exception may be applicable on the grounds that violations of the truth in lending act and predatory lending practices would have been recognized in a court of equity in the past.  Notwithstanding any arguments relating to the equities of plaintiffs' claims, plaintiffs have been able to assert their defenses and to successfully oppose defendant Bank's motion for summary judgment in the unlawful detainer action. *See, e.g., Green v. Sup. Ct. of the City and County of San Francisco,* 10 Cal.3d 616, 634, 417 P.2d 1168, 1180, 111 Cal. Rptr. 704, 716 ("California decisions have [] permitted the introduction of 'legal' defenses . . ." in unlawful detainer actions.).   Therefore, the court finds that neither of the exceptions is applicable in the new action and plaintiffs' motion for partial remand to answer or counter the unlawful detainer action in state court is unavailing.

Finally, there was no defect in the removal procedure.  On March 27, 2008, defendant Bank was served with the summons and complaint in the new action.  Defendant Bank removed the new action on April 3, 2008, which was well-within the 30 day period allowed for removal.  Therefore, removal of the new action was timely.  In addition, the complaint in the new action is largely identical to the first amended complaint in the underlying federal action.  Accordingly, defendant Bank's removal of the new action to federal court was proper and plaintiffs' motion for partial remand is denied.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for partial remand is denied. The parties are ordered to show cause why the two federal actions should not be consolidated no later than August 8, 2008.

IT IS SO ORDERED.

Dated: *July 21, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge